ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
CALENDAR: Z
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CECILIA KORNFEIND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No: |
| ) | |
| TARGET CORPORATION ) | |
| and TARGET WILSON YARD QALICB ) | |
| ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, CECILIA KORNFEIND, by and through her attorneys, SHERWOOD LAW GROUP, LLC, and for her Complaint at Law against the Defendants, TARGET CORPORATION and TARGET WILSON YARD QALICB, LLC hereinafter (TARGET WILSON YARD) states as follows:

### GENERAL ALLEGATIONS

1. That on or about March 13, 2016, Defendant TARGET CORPORATION, was an Illinois corporation doing business in the state of Illinois with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, City of Chicago, State of Illinois.

2. That on or about March 13, 2016, Defendant TARGET WILSON YARD, was an Illinois Limited Liability Company doing business in the state of Illinois with offices of its registered agent located at 208 S. LaSalle Street, Suite 814, City of Chicago, State of Illinois.

3. That on or about March 13, 2016 and for a long time prior thereto, the Defendants, TARGET CORPORATION and TARGET WILSON YARD, individually and collectively owned, leased, operated, maintained, possessed and controlled the Property located at 4466 N. Broadway, City of Chicago, State of Illinois hereinafter referred to as the

1



("Property").

4. That on or about March 13, 2016 and for a long time prior thereto, the Defendant, TARGET WILSON YARD, owned, leased, operated, secured, maintained, inspected, cleaned, possessed and controlled the Property located at 4466 N. Broadway, City of Chicago, State of Illinois hereinafter referred to as the ("Property").

5. That on or about March 13, 2016, the Defendants, TARGET CORPORATION, owned, leased, operated, secured, maintained, inspected, cleaned, and controlled the construction, maintenance, and cleaning of the flooring near the food service area within the Property.

6. That on or about March 13, 2016, the Defendant TARGET WILSON YARD owned the Property.

7. That on or about March 13, 2016, TARGET CORPORATION leased the Property from owner Defendant TARGET WILSON YARD.

8. That on or about March 13, 2016, the Plaintiff, CECILIA KORNFEIND, was an invitee, patron, customer and lawfully upon the Property.

9. That on or about March 13, 2016, the Plaintiff CECILIA KORNFEIND was walking behinds the registers, at or near the food service area when she slipped and was caused to and fall directly to the floor and ground below,

## COUNT I
### NEGLIGENCE AGAINST TARGET CORPORATION

10. Plaintiff re-asserts and re-alleges Paragraphs one (1) through nine (9) of Plaintiffs' General Allegations as paragraph ten (10) of Count I herein.

11. On or about March 13, 2016, the Defendant, TARGET CORPORATION, had installed, conducted repairs to, cleaned, inspected, serviced and maintained the flooring near the

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 2 of 8

2

food service area on the Property.

12. On or about March 13, 2016, the Defendant, TARGET CORPORATION, failed to warn the Plaintiff of the dangerous and hazardous condition of the flooring near the food service area on the Property.

13. On or about March 13, 2016, the Defendant, TARGET CORPORATION, by and through its agents, employees and servants did not properly clean, repair and maintain the flooring near the food service area within the Property.

14. On or about March 13, 2016, the Defendant, TARGET CORPORATION, failed to properly inspect the flooring near the food service area on the Property to determine whether it was proper for safe usage by invitees, employees, and the public.

15. The Defendant, TARGET CORPORATION, was responsible for maintaining, cleaning, repairing, securing, and preventing the food service area within the Property from being unsafe for usage by invitees, employees, and the public.

16. On and prior to March 13, 2016 TARGET CORPORATION had notice and knowledge of the flooring near the food service area on the Property being dangerous and hazardous and susceptible to slip and falls.

17. On and prior to March 13, 2016 TARGET CORPORATION had notice and knowledge of the flooring near the food service area on the Property being locations where spills occurred and was susceptible to slip and falls

18. That it then and there became and was the duty of the Defendant, TARGET CORPORATION, to exercise reasonable care to maintain, monitor, repair, inspect, and construct the flooring near the food service area in a reasonably safe condition for the safety of the general public, its patrons, invitees, the Plaintiff, and those persons lawfully upon and around said

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 3 of 8

3

Property.

19. That not regarding its duty aforesaid, the Defendant, TARGET CORPORATION, by its duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to inspect the flooring near the food service area on the Property and maintain it in a safe condition;
   b. Failed to warn invitees and patrons, including the Plaintiff, that the flooring near the food service area on the Property was unsafe and hazardous;
   c. Failed to repair the unsafe and hazardous condition for an unreasonably long period of time;
   d. Failed to properly maintain the flooring near the food service area on the Property;
   e. Carelessly and negligently undertook or failed to undertake a maintenance, repair, cleaning or construction project to repair the flooring near the food service area on the Property which created a dangerous and hazardous condition to patrons, invitees and employees;
   f. Failed to supervise its employees from creating a dangerous and hazardous condition to patrons, invitees and employees including the Plaintiff;
   g. Failed to remove liquids on the flooring near the food service area on the Property creating a dangerous and hazardous condition;
   h. Carelessly and negligently supervised, trained, or contracted with a third party to repair, clean, maintain, service, and inspect the Property;
   i. Allowed a leak or runoff from the ceiling of the building directly into an area which created a dangerous and hazardous condition;
   j. Failed to secure, repair or maintain carpeting, matting or other covering in the food service area within the Property;
   k. Failed to secure, repair or maintain carpeting, matting or other covering in the food service area within the Property after notice of a spill, grease, or oil in the area;
   l. Allowed water leaks or other liquid substance to remain food service area within the Property used for patron food service on the Property for an unreasonably long period of time;
   m. Unnaturally diverted liquids or a liquid substance on the Property causing a dangerous and hazardous condition; and
   n. Was otherwise careless and negligent in the control, design, repair, maintenance, construction, and service of the flooring near the food service area on the Property.

20. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant, TARGET CORPORATION, the Plaintiff,

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 4 of 8

4

CECILIA KORNFEIND, was caused to and did slip and trip and fall to the ground.

21. That as a direct and proximate result of the aforesaid, the Plaintiff, CECILIA KORNFEIND, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and the Plaintiff, was caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, CECILIA KORNFEIND, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, TARGET CORPORATION, for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 5 of 8

## COUNT II
### NEGLIGENCE AGAINST TARGET WILSON YARD

22. Plaintiff re-asserts and re-alleges Paragraphs one (1) through nine (9) of Plaintiffs' General Allegations as paragraph twenty-two (22) of Count II herein.

23. On or about March 13, 2016, the Defendant, TARGET WILSON YARD, had installed, conducted repairs to, cleaned, inspected, serviced and maintained the flooring near the food service area on the Property.

24. On or about March 13, 2016, the Defendant, TARGET WILSON YARD, failed to warn the Plaintiff of the dangerous and hazardous condition of the flooring near the food service area on the Property.

5

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 6 of 8

25. On or about March 13, 2016, the Defendant, TARGET WILSON YARD, by and through its agents, employees and servants did not properly clean, repair and maintain the flooring near the food service area within the Property.

26. On or about March 13, 2016, the Defendant, TARGET WILSON YARD, failed to properly inspect the flooring near the food service area on the Property to determine whether it was proper for safe usage by invitees, employees, and the public.

27. The Defendant, TARGET WILSON YARD, was responsible for maintaining, cleaning, repairing, securing, and preventing the food service area within the Property from being unsafe for usage by invitees, employees, and the public.

28. On and prior to March 13, 2016 TARGET WILSON YARD had notice and knowledge of the flooring near the food service area on the Property being dangerous and hazardous and susceptible to slip and falls.

29. On and prior to March 13, 2016 TARGET WILSON YARD had notice and knowledge of the flooring near the food service area on the Property being locations where spills occurred and was susceptible to slip and falls

30. That it then and there became and was the duty of the Defendant, TARGET WILSON YARD, to exercise reasonable care to maintain, monitor, repair, inspect, and construct the flooring near the food service area in a reasonably safe condition for the safety of the general public, its patrons, invitees, the Plaintiff, and those persons lawfully upon and around said Property.

31. That not regarding its duty aforesaid, the Defendant, TARGET WILSON YARD, by its duly authorized agents, servants and/or employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

6

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 7 of 8

a. Failed to inspect the flooring near the food service area on the Property and maintain it in a safe condition;
b. Failed to warn invitees and patrons, including the Plaintiff, that the flooring near the food service area on the Property was unsafe and hazardous;
c. Failed to repair the unsafe and hazardous condition for an unreasonably long period of time;
d. Failed to properly maintain the flooring near the food service area on the Property;
e. Carelessly and negligently undertook or failed to undertake a maintenance, repair, cleaning or construction project to repair the flooring near the food service area on the Property which created a dangerous and hazardous condition to patrons, invitees and employees;
f. Failed to supervise its employees from creating a dangerous and hazardous condition to patrons, invitees and employees including the Plaintiff;
g. Failed to remove liquids on the flooring near the food service area on the Property creating a dangerous and hazardous condition;
h. Carelessly and negligently supervised, trained, or contracted with a third party to repair, clean, maintain, service, and inspect the Property;
i. Allowed a leak or runoff from the ceiling of the building directly into an area which created a dangerous and hazardous condition;
j. Failed to secure, repair or maintain carpeting, matting or other covering in the food service area within the Property;
k. Failed to secure, repair or maintain carpeting, matting or other covering in the food service area within the Property after notice of a spill, grease, or oil in the area;
l. Allowed water leaks or other liquid substance to remain food service area within the Property used for patron food service on the Property for an unreasonably long period of time;
m. Unnaturally diverted liquids or a liquid substance on the Property causing a dangerous and hazardous condition; and
n. Was otherwise careless and negligent in the control, design, repair, maintenance, construction, and service of the flooring near the food service area on the Property.

32. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions of the Defendant, TARGET WILSON YARD, the Plaintiff, CECILIA KORNFEIND, was caused to and did slip and trip and fall to the ground.

33. That as a direct and proximate result of the aforesaid, the Plaintiff, CECILIA KORNFEIND, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; and the Plaintiff, was

7

caused to expend and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, CECILIA KORNFEIND, by and through her attorneys, SHERWOOD LAW GROUP, LLC, hereby prays for judgment against Defendant, TARGET WILSON YARD, for a sum of money in excess of FIFTY THOUSAND DOLLARS [$50,000.00], and such additional amounts as the jury and the Court shall deem proper and appropriate under the circumstances provided herein, inclusive of the costs of bringing this action.

ELECTRONICALLY FILED
3/8/2018 4:36 PM
2018-L-002517
PAGE 8 of 8

Respectfully Submitted,

SHERWOOD LAW GROUP, LLC

*Jason H. Sherwood*

JASON H. SHERWOOD
Attorney for Plaintiff

SHERWOOD LAW GROUP, LLC
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Phone: 312.627.1650
Fax: 312.648.9503
Attorney No. 47294